Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000866
13-JUN-2014
11:38 AM

NO. CAAP-12-0000866

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


FEDERAL LAND BANK ASSOCIATION OF HAWAII, FLCA,
Plaintiff-Appellee,
v.
MORTON E. BASSAN, JR., also known as Morton Bassan, Jr.
And as Morton Bassan, and KEIKO BASSAN,
Defendants-Appellants,

CITRUS MANAGEMENT SERVICES, INC., ORCHARD SERVICES, INC.,
BANK OF HAWAII, STATE OF HAWAII, acting by and
through its Department of Agriculture,
HAWAII ELECTRIC LIGHT COMPANY, INC.,
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 05-1-0193)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

In this foreclosure action, Defendants-Appellants
Morton E. Bassan, Jr., and Keiko Bassan (collectively, the
"Bassans"), appearing *pro se*, appeal from the order denying their
motion for reconsideration (Order Denying Motion for
Reconsideration)[1] filed in the Circuit Court of the Third Circuit

---

[1] The complete title of the Order Denying Motion for Reconsideration is
"Order Denying Morton E. Bassan, Jr., Keiko Bassan, Citrus Management
Services, Inc., and Orchard Services, Inc.'s Motion for Reconsideration of
(continued...)

(Circuit Court)[2] on September 21, 2012. As explained below, we dismiss the appeal because we conclude that the Bassans lack standing to pursue the appeal.

I.

The Bassans, Citrus Management Services, Inc., and Orchard Services, Inc. (collectively, "Borrowers") borrowed $625,300 from Plaintiff-Appellee Federal Land Bank Association of Hawaii, FLCA (FLBA).[3] To provide security for the loan, the Bassans gave FLBA a mortgage encumbering the subject property in this case (Subject Property). Borrowers eventually defaulted on their payment obligations.

On June 13, 2005, FLBA filed its complaint seeking to recover amounts owed and a decree of foreclosure. On February 21, 2008, FLBA filed a motion for summary judgment and decree of foreclosure against all defendants on all claims (FLBA's Motion for Summary Judgment). On April 2, 2008, the Circuit Court orally granted FLBA's Motion for Summary Judgment. On April 23, 2008, the Bassans filed notice of their filing of a Chapter 12 bankruptcy proceeding (First Bankruptcy Proceeding) in the United States Bankruptcy Court for the District of Hawai'i (Bankruptcy Court) and the resulting automatic stay of the Circuit Court proceedings. On October 28, 2008, the Bankruptcy Court approved the Bassans' amended Chapter 12 Plan in their First Bankruptcy Proceeding. However, on February 3, 2011, FLBA notified the Circuit Court that the Bankruptcy Court had dismissed the First

---

[1] (...continued)
Findings of Fact, Conclusions of Law, Order Granting Federal Land Bank Association of Hawaii, FLCA's Motion for Summary Judgment and for Decree of Foreclosure Against All Defendants on All Claims Filed February 21, 2008, and to Set Aside or Stay Commissioner's Deed Filed Herein on August 20, 2012."

[2] The Honorable Glenn S. Hara presided.

[3] According to FLBA, Morton E. Bassan, Jr. served as President of both Citrus Management Services, Inc. and Orchard Services, Inc., and Keiko Bassan served as Vice-President of Citrus Management Services, Inc. and as Treasurer of Orchard Services, Inc.

Bankruptcy Proceeding on December 3, 2010, and that the automatic stay was no longer in effect.

On February 15, 2011, the Circuit Court entered its written "Findings of Fact, Conclusions of Law, Order Granting [FLBA's] Motion for Summary Judgment and for Decree of Foreclosure Against All Defendants on All Claims Filed February 21, 2008" (Order Granting FLBA's Motion for Summary Judgment). The Circuit Court concluded that as of February 12, 2008, Borrowers owed FLBA $935,991.55, and that additional amounts in interest, advances, expenses, fees, and costs would be subject to later determination. Pursuant to the Order Granting FLBA's Motion for Summary Judgment, the Circuit Court, on February 15, 2011, filed its Judgment entering summary judgment in favor of FLBA and against all defendants, including the Bassans. The Circuit Court certified the February 15, 2011, Judgment as a final judgment pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b) (2000). The Bassans did not appeal from the February 15, 2011, Judgment.

On July 12, 2011, FLBA notified the Circuit Court that the Bassans had filed a second Chapter 12 bankruptcy proceeding (Second Bankruptcy Proceeding) on July 8, 2011, in the Bankruptcy Court, which automatically stayed the Circuit Court proceedings. On November 3, 2011, FLBA notified the Circuit Court that the Bankruptcy Court, on October 11, 2011, had issued an order granting FLBA's motion for relief from the automatic stay. The Bankruptcy Court's order permitted FLBA to exercise its foreclosure and other rights relating to the Debtors (the Bassans) and their property, but provided that no deficiency judgment shall enter against Debtors without further order of the Bankruptcy Court.

On November 9, 2011, the Subject Property was sold at a public auction to FLBA through a credit bid. On February 23, 2012, the Circuit Court entered an order confirming the sale as well as a Judgment pursuant to that order, which the Circuit

3

Court certified as a final judgment pursuant to HRCP Rule 54(b). The Bassans did not appeal from the February 23, 2012 Judgment.

In the meantime, the Bassans' Second Bankruptcy Proceeding was converted to a Chapter 7 proceeding on October 12, 2011. On February 2, 2012, the Bankruptcy Court issued an order granting "[a] discharge of the debtor(s)" in the Second Bankruptcy Proceeding. On March 6, 2012, FLBA and Diane S. Field, Chapter 7 Trustee for the Bassans (Bankruptcy Trustee), entered into a "Release and Settlement Agreement" (Settlement Agreement). Pursuant to the Settlement Agreement, the Bankruptcy Trustee released and discharged FLBA from any and all of the Bassans' pre-petition claims and causes of action against FLBA. By order filed on April 23, 2012, the Bankruptcy Court granted the Bankruptcy Trustee's motion to approve the Settlement Agreement.

On August 12, 2012, the Bassans filed their motion to reconsider the Circuit Court's Order Granting FLBA's Motion for Summary Judgment filed on February 15, 2011, and to set aside or stay the Commissioner's Deed related thereto (Motion for Reconsideration). FLBA opposed the Bassans' Motion for Reconsideration, arguing, among other things, that any claims asserted by the Bassans in their motion belonged to the Bassans' Bankruptcy Trustee and were released by the Bankruptcy Trustee pursuant to the Settlement Agreement. On September 21, 2012, the Circuit Court filed its Order Denying Motion for Reconsideration, and this appeal followed.

II.

On appeal, the Bassans argue that the Circuit Court erred in denying their Motion for Reconsideration because they had equitable defenses to the FLBA's foreclosure action, including defenses arising out of the Farm Credit Act. We conclude, however, that the Bassans lack standing to pursue their appeal. We therefore dismiss their appeal without resolving the merits of their arguments.

4

In <u>Bismark Mortg. Co., LLC v. Pai</u>, No. CAAP-11-0000343, 2014 WL 2008497 (Hawaiʻi App. May 16, 2004) (SDO), we explained the effect of a debtor's filing for bankruptcy as follows:

> Subject to certain exemptions that are not relevant in this case, . . . when a petitioner files a bankruptcy petition with the bankruptcy court, the bankruptcy estate that is thereby created includes "<u>all legal or equitable interests</u> of the debtor in property as of the commencement of the case." 11 U.S.C. 541(a)(1) (emphasis added).

> In <u>The Queen Emma Foundation v. Tatibouet</u>, 123 Hawaiʻi 500, 509, 236 P.3d 1236, 1245 (App. 2010), this court recognized that "[v]irtually all of a debtor's assets, including causes of action that belong to the debtor at the commencement of a bankruptcy case, vest in the bankruptcy estate upon the filing of a bankruptcy petition." (Citing 11 U.S.C. § 541(a)(1) (2006); <u>Turner v. Cook</u>, 362 F.3d 1219, 1225-26 (9th Cir. 2004)). In <u>Turner</u>, the Ninth Circuit stated in unambiguous terms,

> > [b]ecause [the appellant] has filed for bankruptcy . . . he is no longer a real party in interest in this matter and has no standing to pursue this appeal. When Turner declared bankruptcy, all the "legal or equitable interests" he had in his property became the property of the bankruptcy estate and are represented by the bankruptcy trustee. <u>See</u> 11 U.S.C. § 541(a)(1). Causes of action are among such legal or equitable interests.

> <u>Turner</u>, 362 F.3d at 1225-26; <u>see</u> <u>Rowland v. Novus Fin. Corp.</u>, 949 F.Supp. 1447, 1453-54 (D. Haw. 1996) (holding that plaintiff lacked standing to assert Truth in Lending Act claims because he filed for bankruptcy and the claim was the property of the bankruptcy estate, unless plaintiff could show the claim was exempt from the bankruptcy estate or abandoned by the bankruptcy trustee).

<u>Bismark Mort.</u>, 2014 WL 2008497, at *2-3.

Here, when the Bassans filed their Second Bankruptcy Proceeding on July 8, 2011, all their non-exempt legal and equitable interests, including any interests in the Subject Property and any causes of action they had against FLBA, became property of the bankruptcy estate. The record reflects that in their Second Bankruptcy Proceeding, the Bassans were granted a discharge in bankruptcy. The record further reflects that pursuant to the Settlement Agreement, the Bankruptcy Trustee released and discharged FLBA from any and all claims and causes of action that the Bassans had against FLBA before they filed their Second Bankruptcy Proceeding. The Bassans only asserted

pre-petition claims in support of their Motion for Reconsideration.

Under these circumstances, we conclude that the Bassans have not shown that they possess any remaining interest in the Subject Property or in the claims they asserted against FLBA in support of their Motion for Reconsideration. Accordingly, we conclude that the Bassans lack standing to pursue their appeal, see id; Sierra Club v. Hawai'i Tourism Auth., 100 Hawai'i 242, 250, 59 P.3d 877, 885 (2002), and we therefore dismiss their appeal.

DATED: Honolulu, Hawai'i, June 13, 2014.

On the briefs:

Morton Bassan, Jr., Pro Se
Keiko Bassan, Pro Se
Defendants-Appellants

R. Aaron Creps
H. Maxwell Kopper
(O'Connor Playdon & Guben LLP)
for Plaintiff-Appellee

Myra M. Kaichi
Deborah Day Emerson
Deputy Attorneys General
State of Hawai'i
Department of the Attorney General
for Defendant-Appellee
State of Hawai'i

*Craig H. Nakamura*

Chief Judge

Associate Judge

Associate Judge